UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BRENDA F. RICKER, | ) | |
| *on behalf of* A.J.R. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-CV-200-DCP |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 15]. Now before the Court are Plaintiff's Motion for Judgment on the Pleadings [Doc. 16] and Defendant's Motion for Summary Judgment [Doc. 18]. Brenda F. Ricker ("Plaintiff") on behalf of A.J.R. seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Kilolo Kijakazi ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT** the Commissioner's motion.

### I.   PROCEDURAL HISTORY

On November 17, 2017, Plaintiff filed an application for child's supplemental security income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, on behalf of her granddaughter, A.J.R. ("Claimant"), a child under age 18, claiming a period of

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

disability that began on October 15, 2015. [Tr. 15, 141, 181]. After her application was denied initially and upon reconsideration, Claimant requested a hearing before an ALJ. [Tr. 105–08]. A hearing was held on July 11, 2019. [Tr. 37–51]. On August 12, 2019, the ALJ found that Claimant was not disabled. [Tr. 12–31]. The Appeals Council denied Claimant's request for review on May 12, 2020 [Tr. 1–3], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on behalf of Claimant on July 16, 2020, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant was born on May 26, 2006. Therefore, she was a school-age child on November 17, 2017, the date application was filed, and is currently an adolescent (20 CFR 416.926a(g)(2)).
>
> 2. The claimant has not engaged in substantial gainful activity since November 17, 2017, the application date (20 CFR 416.924(b) and 416.971 *et seq.*) (*see* B10D).
>
> 3. The claimant has the following severe impairments: cerebral palsy, borderline intellectual functioning and learning disorder (20 CFR 416.924(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).
>
> 5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).

> 6. The claimant has not been disabled, as defined in the Social Security Act, since November 17, 2017, the date the application was filed (20 CFR 416.924(a)).

[Tr. 18–31].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court recently explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). Rather, substantial

evidence "means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

## IV. CHILD DISABILITY ELIGIBILITY

Plaintiff herein is a child under the age of 18. To qualify for SSI benefits as a child, a child must be under the age of 18 and prove that he or she has a "medically determinable physical or mental impairment, which results in marked or severe functional limitations and can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

A child's disability claim is assessed pursuant to a three-step sequential evaluation. 20 C.F.R. § 416.924(a). At step one, the child must not be engaged in "substantial gainful activity." *Id.* At step two, the child must "have an impairment or combination of impairments that is severe." *Id.* At step three, the child's impairment or combination of impairments must "meet," "medically equal," or "functionally equal" one of the medical listings found in 20 C.F.R. Part 404, Subpart P, Appendix 1. § 416.924(a)–(d).

A child "meets" a medical listing when his or her impairment satisfies all of the criteria of a particular listing. § 416.925(c)(3). To "medically equal" a listing, a child's impairment must be "medically equivalent to a listed impairment." § 416.926(a). That is, the child's impairment or combination of impairments is of "equal medical significance to the required criteria." § 416.926(b)(1)(ii). To "functionally equal" a listing, the child's impairment "must be of listing-level severity." § 416.926a(a). "Listing-level severity" means that the child has either two "marked" limitations or one "extreme" limitation in one of the following six domains of functioning: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, or (6) health and physical well-being. § 416.926a(b)(1). "These domains are broad areas of functioning intended to capture all of what a child can or cannot do." *Id.* There is no "residual functional capacity" assessment as in adult cases nor are findings made concerning the ability to perform work. *See* 20 C.F.R. § 416.924.

V.  ANALYSIS

Plaintiff raises one major issue on appeal. Specifically, Plaintiff argues that the ALJ improperly weighed the opinion of Tammy Patton ("Ms. Patton"), Claimant's teacher, and that the ALJ failed to provide adequate reasons for finding Ms. Patton's opinion to be unpersuasive. [Doc. 17 at 7]. Plaintiff asserts that the ALJ's actions constitute harmful error because Ms. Patton opined Claimant had a serious problem in three out of the six functional equivalence domains—meaning that Claimant would functionally equal a listed impairment and thus should have been considered disabled. [*Id.* at 11]. That considered, Plaintiff requests for this Court to vacate the final decision of the Commissioner and remand this matter for an immediate calculation of benefits. [*Id.* at 12].

5

Alternatively, Plaintiff requests for this Court to remand this matter for further administrative proceedings, including but not limited to a *de novo* hearing and a new decision. [*Id.*].

The Commissioner argues that the ALJ properly evaluated the opinion evidence, including Ms. Patton's questionnaire and that the ALJ properly found that Claimant did not have marked limitations in two functional domains or an extreme limitation in any functional domain. [Doc. 19 at 8]. Thus, the Commissioner requests for this Court to affirm the final decision. The Court now turns to the parties' respective arguments.

The ALJ expressly found "the teacher questionnaire submitted by [Ms. Patton] in August 2018 unpersuasive." [Tr. 24]. The ALJ stated that the questionnaire was "not supported by any rationale or explanation. [Ms. Patton] merely checked areas and indicated there are some area [sic] in which the claimant has 'an obvious problem' or 'a serious problem.'" [*Id.*]. The ALJ determined that Ms. Patton's questionnaire and the findings within it were "not wholly consistent with the longitudinal record as discussed above." [*Id.*]. It is evident to the Court that the ALJ also considered Ms. Patton's questionnaire in the context of the entire record of evidence. Notably, the ALJ considered another teacher's questionnaire—that of Mr. Wilson—which the ALJ found to be persuasive because of its detail, rational basis, and general consistency with the longitudinal record.

The Court notes that SSR 09-2p requires the ALJ to consider relevant evidence from non-medical sources in evaluating the severity of a child's impairment and how it affects day-to-day functioning.[2] Plaintiff argues that the ALJ's consideration of evidence from non-medical sources

---

[2] Plaintiff misstates both SSR 09-2p and 20 C.F.R. § 416.920c(d) in her brief. Plaintiff states that SSR 09-2p addresses *how* an ALJ is to address non-medical source opinions and that 20 C.F.R. § 416.920c(d) does not require ALJs to consider non-medical sources. SSR 09-2p provides that an ALJ *will* consider evidence from non-medical sources. 20 C.F.R. § 416.920c(d)

is subject to a heightened standard. *See* [Doc. 17 at 7] ("In order to determine the persuasiveness of the [non-medical] opinion, the ALJ must consider the following factors: supportability, consistency, relationship, specialization, and other factors."). The Court disagrees with Plaintiff's assertion that SSR 09-2p requires the evaluation of non-medical sources to be subject to the same heightened evaluation standard as actual medical sources. All that SSR 09-2p requires of an ALJ is to *consider* the non-medical source evidence. *See Williams on behalf of J.M.M. v. Comm'r of Soc. Sec.*, No. 17-cv-12964, 2018 WL 4266516, at *6 (E.D. Mich. Aug. 20, 2018) (court not finding reversible error when ALJ accorded little if any weight to the opinion of Claimant's teacher). Furthermore, the ALJ need not articulate *how* he considered the factors listed in 20 C.F.R. § 416.920c(a)–(c) when evaluating evidence from non-medical sources. *See* 20 C.F.R. § 404.920c(d). Thus, Plaintiff has incorrectly stated the standard for how ALJ's are to consider evidence from non-medical source evidence and the ALJ's articulation requirements explaining the rationale behind their consideration. In this case, the Court finds that the ALJ did consider Ms. Patton's non-medical opinion, and the ALJ's consideration of her non-medical opinion was

---

does not remove this requirement, but it provides that the ALJ need not *articulate* how the non-medical source was considered. Furthermore, and as the Commissioner notes in her brief, because Plaintiff applied for benefits after March 27, 2017, the ALJ applied a new set of regulations for evaluating medical evidence. *See* 20 C.F.R. § 416.920c. The Commissioner's regulations provide that the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 416.920c (a). Instead, the agency will evaluate the persuasiveness of medical opinions and prior administrative medical findings pursuant to the following five factors: (1) Supportability; (2) Consistency; (3) Relationship with claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and the examining relationship; (4) Specialization; and (5) Other factors. *See* 20 C.F.R. § 416.920c(a)–(c). The two most important factors which must be considered and addressed by the ALJ are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). The ALJ may, but is not required to, explain how he considered the remaining factors. 20 C.F.R. § 416.920c(b)(3).

appropriate.

As stated above, the ALJ is not required to explain precisely how he considered evidence from non-medical sources. *See id.* In any case, the ALJ did provide some insight into the decision to find Ms. Patton's questionnaire unpersuasive. This included the lack of explanation and rationale in Ms. Patton's questionnaire—the ALJ noted that Ms. Patton simply checked boxes and offered no detailed explanation for doing so. Furthermore, the ALJ considered consistency—one of the factors ALJ's must discuss when considering medical opinions. The ALJ determined that Ms. Patton's opinion was inconsistent with the longitudinal record. The Court acknowledges that the ALJ did not provide much detail for why Ms. Patton's questionnaire was inconsistent, but he was not required to do so under the relevant regulations—despite Plaintiff's assertion that more was required of him. Finally, the Court notes that the ALJ considered Mr. Wilson's questionnaire as well and found it to be persuasive. The ALJ based this determination on the depth and detail provided in Mr. Wilson's questionnaire and its general consistency with the longitudinal record.

The Court finds that the ALJ's evaluation of the non-medical opinions and ultimate functional equivalence finding were supported by substantial evidence, and the ALJ's decision conformed to the relevant procedural requirements. The Court notes that the ALJ was not required to articulate how he considered Ms. Patton's questionnaire, but he did so anyway, finding it to be "unpersuasive" as it was "not supported by any rationale or explanation." [Tr. 24]. The Court finds that the ALJ's decision to not utilize Ms. Patton's questionnaire in assessing Claimant's functional abilities was not erroneous.[3] The ALJ considered various aspects of the record in

---

[3] The ALJ stated that he found Ms. Patton's questionnaire to be inconsistent with the longitudinal record. Therefore, he was not required to use it in his final determination of Claimant's functional abilities. *See* 20 C.F.R. § 416.929 ("In evaluating the intensity and persistence of your symptoms . . . we will consider all of the available evidence, including your

8

making his decision as to Claimant's functional abilities. This evidence included analyses of Plaintiff's subjective complaints and their inconsistency with the record, Plaintiff's medical treatment and response to it, the non-medical opinions of Ms. Patton and Mr. Wilson, and the medical evidence as a whole, including the various medical opinions contained in the record. Therefore, the Court finds that remand is not warranted here because of the substantial evidence in the record supporting the ALJ's consideration of Ms. Patton's opinion and ultimate determination of Plaintiff's functional equivalence.

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Judgment on the Pleadings [**Doc. 16**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 18**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

Debra C. Poplin
United States Magistrate Judge

---

medical history, the medical signs and laboratory findings, and statements about how your symptoms affect you. We will then determine the extent to which your alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how your symptoms affect your ability to work (or if you are a child, your functioning.").